McGREGOR W. SCOTT
United States Attorney
ANDRÉ M. ESPINOSA
AMY S. HITCHCOCK
TANYA B. SYED
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

**FILED**
Aug 13, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>Defendant. | CASE NO. 2:20-cr-0150 KJM<br><br>18 U.S.C. § 371 – Conspiracy to Commit Wire Fraud;<br>18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering (2 Counts) |

I N F O R M A T I O N

COUNT ONE: [18 U.S.C. § 371 – Conspiracy to Commit Wire Fraud]

The United States Attorney charges: T H A T

RONALD STEVEN SCHOENFELD,

defendant herein, as follows:

I.   BACKGROUND

At all times relevant to this Information:

1. Pacific Gas & Electric Company ("PG&E") was an investor owned utility that provided natural gas and electricity to individuals residing in the State and Eastern District of California, and elsewhere.

2. From on or about August 2006 and continuing through on or about August 2014, defendant RONALD STEVEN SCHOENFELD was employed by PG&E.

3.  Individual 1, not charged herein, was defendant RONALD STEVEN SCHOENFELD's cousin.

4.  In November 2006, Individual 1 formed a transportation company ("Company 1"), which was headquartered in Stockton, California, the State and Eastern District of California.

## II.   THE CONSPIRACY

5.  Beginning in or about August 2006, and continuing through in or about February 2015, in the Eastern District of California and elsewhere, defendant RONALD STEVEN SCHOENFELD, did knowingly and intentionally combine, agree, and conspire with Individual 1, and others known and unknown to the United States, to commit an offense against the United States, more particularly: to commit honest services wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346.

## III.   PURPOSE OF THE CONSPIRACY

6.  The purpose of the conspiracy was for defendant RONALD STEVEN SCHOENFELD to use his official position as an employee of PG&E to enrich himself, and others known and unknown to the United States, by facilitating business transactions between PG&E and Company 1 on terms favorable to Company 1 and soliciting and accepting kickback payments from Company 1, comprised of a percentage of the value of the transactions between PG&E and Company 1, all while concealing such kickback payments from PG&E.

## IV.   MANNER AND MEANS

7.  In furtherance of the conspiracy, defendant RONALD STEVEN SCHOENFELD and his co-conspirators employed the following manner and means, among others:

8.  Defendant RONALD STEVEN SCHOENFELD solicited and accepted payments totaling approximately $1,476,295.15 from Individual 1 and Company 1, collectively.

9.  Defendant RONALD STEVEN SCHOENFELD provided favorable official action on behalf of Individual 1 and Company 1 as requested and as opportunities arose, including:

   a.  facilitating introductions and providing information to Individual 1 to help Company 1 receive contracts from PG&E, such that Company 1 received at least $82,133,142 for services provided to PG&E pursuant to such contracts from March 2007 to February 2015;

    b. assisting Individual 1 to obtain an annual contract, by and between PG&E and Company 1, worth at least $12,000,000, contrary to PG&E's bidding policies, in or about October 2008;

    c. providing Individual 1 with information about competitor rates contrary to PG&E's policy that imposed on defendant RONALD STEVEN SCHOENFELD a duty to maintain confidentiality regarding such information;

    d. increasing the rates paid to Company 1 from $1.30 per mile for shipping to $1.60 per mile without the requisite PG&E internal approvals in or about March 2014; and

    e. increasing the amount PG&E paid to Company 1 for moving transformers from one vehicle to another from $125 per unit to $275 per unit without the requisite PG&E internal approvals in or about January 2014.

10. Defendant RONALD STEVEN SCHOENFELD, Individual 1, and their conspirators also took steps to hide, conceal, and cover up their activity and the nature and scope of their dealings with each other, including the following actions:

    a. defendant RONALD STEVEN SCHOENFELD caused a company, Diversity Transportation Inc. ("Diversity Transportation"), to be created to receive the payments solicited from Individual 1 and Company 1 in order to conceal the nature of those payments;

    b. defendant RONALD STEVEN SCHOENFELD caused Diversity Transportation to issue fraudulent payroll checks to transfer the payments solicited from Individual 1 and Company 1;

    c. defendant RONALD STEVEN SCHOENFELD failed to disclose his familial relationship with Individual 1 to PG&E to conceal the nature and scope of the conspiracy; and;

    d. defendant RONALD STEVEN SCHOENFELD used his personal electronic mail to communicate with Individual 1 regarding the payments to be made pursuant to the conspiracy to conceal their actions from PG&E.

## V. OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects and purposes of the conspiracy,

the following overt acts, in addition to others, were committed in the State and Eastern District of California, and elsewhere:

11. Between March 2007 and February 2015, PG&E paid Company 1 at least $82,133,142 pursuant to contracts Company 1 received during that period to perform transportation services for PG&E.

12. On multiple occasions between March 2007 and February 2015, Individual 1 submitted invoices to one of PG&E's billing processors, who in turn would seek approval from PG&E to fulfill the invoice.

13. On or about the date listed below, in the Eastern District of California and elsewhere, defendant RONALD STEVEN SCHOENFELD and Individual 1 caused to be transmitted by means of wire communication in interstate commerce, the following wirings from one of PG&E's billing processer to Company 1, each of which constituted an independent overt act in furtherance of the conspiracy:

| Date of Deposit | Amount of Deposit |
| --- | --- |
| December 29, 2014 | $25,211.32 |
| December 29, 2014 | $25,211.32 |
| December 29, 2014 | $25,211.32 |
| December 29, 2014 | $25,211.32 |
| January 7, 2015 | $71,384.58 |
| January 7, 2015 | $71,384.58 |
| January 7, 2015 | $71,384.58 |

All in violation of Title 18, United States Code, Section 371.

COUNTS TWO THROUGH THREE: [18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering]

The United States Attorney further charges:

RONALD STEVEN SCHOENFELD,

defendant herein, as follows:

14. Paragraphs 1 through 4 and 6 through 13 of Count One of this Information are re-alleged and incorporated by reference as if fully set forth herein.

15. From on or about May 2007 to on or about September 2014, Company 1, headquartered in Stockton, in the State and Eastern District of California, made payments to Diversity Transportation.

Defendant RONALD STEVEN SCHOENFELD caused those payments to be funneled through various bank accounts, including his Bank of American Joint Savings Account. As of April 14, 2015, the only funds deposited into the Bank of America Joint Savings Account were proceeds of this conspiracy.

16. On the following dates, in the Eastern District of California and elsewhere, defendant RONALD STEVEN SCHOENFELD did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, transferring funds from his Bank of America Joint Savings Account to pay expenses on his personal American Express card:

| Count | Date | Amount of Wire |
| --- | --- | --- |
| 2 | March 16, 2015 | $5,100 |
| 3 | April 14, 2015 | $2,700 |

which involved the proceeds of a specified unlawful activity, that is wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346, knowing that the transaction was designed in whole and in part to disguise, the source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 2 and 1956(a)(1)(B)(i).

Dated:   8/13/2020

McGREGOR W. SCOTT
United States Attorney

By: *Andre M. Espinosa*
ANDRE M. ESPINOSA
Assistant United States Attorney

5

**United States v. Schoenfeld**
**Penalties for Indictment**

Defendant:

RONALD SCHOENFELD

| **COUNT ONE: 18 U.S.C. § 371 - CONSPIRACY TO COMMIT AN OFFENSE** | |
|---|---|
| MAXIMUM PENALTIES: | Up to 5 years in prison; or<br>Fine of up to $250,000; or<br>Both fine and imprisonment;<br>Supervised release of up to 3 years; and<br>Restitution |
| SPECIAL ASSESSMENT: | $100 (mandatory on each count) |

| **COUNTS TWO THROUGH THREE: 18 U.S.C. § 1956(a)(1) – MONEY LAUNDERING** | |
|---|---|
| MAXIMUM PENALTIES: | Up to 20 years in prison; or<br>Fine of up to $250,000; or<br>Both fine and imprisonment;<br>Supervised release of up to 3 years; and<br>Restitution |
| SPECIAL ASSESSMENT: | $100 (mandatory on each count) |