TIMOTHY J. LUCEY SBN 172332
PACIFIC GAS & ELECTRIC COMPANY
LAW DEPARTMENT
P.O. Box 7442
San Francisco, CA 94120
Telephone:  (415) 973-7136
Facsimile:   (415) 973-5520

Attorney for
PACIFIC GAS AND ELECTRIC COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>RONALD STEVEN SCHOENFELD,<br><br>            Defendant. | Case No.: 20-CR-00150-KJM<br><br>**VICTIM PACIFIC GAS AND ELECTRIC COMPANY'S SUBMISSION IN SUPPORT OF RESTITUTION**<br><br>Date: January 25, 2021<br>Time: 9:00 a.m.<br>Judge: Hon. Kimberly J. Mueller |

## I.  INTRODUCTION

At the Court's invitation, Pacific Gas & Electric Company (PG&E) respectfully submits this brief pursuant to its rights as a victim of the offenses committed by Offender Ronald Steven Schoenfeld in this matter.  *See* 18 U.S.C. §§ 3663A, 3664, 3771.  Schoenfeld's serious criminal conduct has harmed PG&E, its customers, and its third-party contracting partners in numerous ways.  For purposes of the Court's restitution determination, this submission focuses on the most obvious and admitted monetary harm Schoenfeld caused to PG&E.

Specifically, PG&E has suffered a recoverable loss, recognized by the Ninth Circuit, in the form of kickbacks Schoenfeld received in exchange for abusing his authority at PG&E to steer company business to All American Logistics (AAL).  Based on Schoenfeld's own admissions in his plea agreement, the amount of loss from kickbacks totals $2,007,164.08, plus $133,557.24 in prejudgment interest, and which together constitute a total restitution amount to PG&E of **$2,140,721.32**.  While PG&E believes it has suffered additional monetary losses due

to Schoenfeld's criminal conduct over the seven years of his conspiracy, PG&E declines to pursue those losses in a formal restitution hearing given the time-consuming requirements necessary to prove PG&E's losses from unauthorized rate increases and other inflated charges beginning more than a decade ago. Accordingly, PG&E instead elects to pursue restitution in an amount to which the offender already has admitted, plus prejudgment interest, without the need for testimony or outside evidence.

## II.  BACKGROUND

In August 2020, the government charged Schoenfeld with conspiracy to commit honest services wire fraud and two counts of money laundering. Dkt. No. 1. Later that month, Schoenfeld entered into a plea agreement in which he pled guilty to the conspiracy count. Dkt. No. 12.

As he admitted in his plea agreement, Schoenfeld entered into a kickback scheme with his cousin just months after being hired to oversee PG&E's trucking contracts in 2006. Dkt. No. 12 at A-1. Specifically, Schoenfeld agreed to help his cousin obtain lucrative PG&E contracts in exchange for 2.5% of the value of those contracts. *Id.* From 2007 to his termination in October 2014, Schoenfeld perpetrated his criminal scheme by, among other things, sharing competitor rate information with his cousin to ensure AAL's rates were not lower than necessary to secure PG&E's business. *See id.* After fraudulently securing AAL's contracts, Schoenfeld enacted unauthorized increases to some of the rates and fees promised to AAL. *See id.* at A-2. Such unauthorized increases allowed Schoenfeld and AAL to profit at the expense of and loss to PG&E.

Over the course of the conspiracy, Schoenfeld admitted that AAL received at least $82,133,142 as a result of contracts obtained through his conspiracy. *Id.* Pursuant to his agreement with his cousin, Schoenfeld's 2.5% kickback payments total $2,007,164.08.

## III.  LEGAL STANDARD

The Mandatory Victim Restitution Act (MVRA) "makes restitution mandatory for particular crimes, including those offenses which involve fraud or deceit." *United States v. Gordon*, 393 F.3d 1044, 1048 (9th Cir. 2004) (citing 18 U.S.C. § 3663A(c)(1)(A)(ii)) (abrogated

on other grounds). The purpose of the MVRA is "to ensure that the loss to crime victims is recognized," that "[victims] receive the restitution that they are due," and that the "offender pays the debt owed to the victim as well as to society." *United States v. Cienfuegos*, 462 F.3d 1160, 1165 (9th Cir. 2006). In achieving these goals, "Congress intended district courts to engage in an expedient and reasonable restitution process, with uncertainties resolved with a view toward achieving fairness to the victim." *Gordon*, 393 F.3d at 1048.

To trigger mandatory restitution under the MVRA, the government must prove, by a preponderance of the evidence: (1) the number of victims to whom defendant owes restitution and (2) the amount of restitution defendant owes each victim. *United States v. Waknine*, 543 F.3d 546, 558 (9th Cir. 2008) (citing 18 U.S.C. § 3664(e)). If the government proves these two elements, court-ordered restitution is mandatory for each person "directly and proximately harmed as a result of [the covered offenses]." 18 U.S.C. § 3663A(a)(2). A district court is authorized to allow the victim, rather than the government, to prove up its claim for restitution. *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 924-25 (9th Cir. 2001).

In cases involving fraud, the government (or victim) "need not prove each victim's loss with precision." *United States v. Sarad*, 227 F. Supp. 3d 1153, 1161 (E.D. Cal. 2016) (Mueller, J.) (citing *United States v. Gallant*, 537 F.3d 1202, 1247 (10th Cir. 2008); *United States v. Jackson*, 155 F.3d 942, 949 n.3 (8th Cir. 1998); *United States v. Teehee*, 893 F.2d 271, 274 (10th Cir. 1990); *United States v. Lewis*, 557 F.3d 601, 615 (8th Cir. 2009)). Rather, restitution is warranted where the government's or victim's evidence of loss provides "sufficient indicia of reliability to support its probable accuracy." *Id.* at 1160 (quoting *Waknine*, 543 F.3d at 557).

**IV.  ARGUMENT**

Pursuant to MVRA, PG&E is a victim of Schoenfeld's criminal conduct and is owed restitution because the money paid to Schoenfeld as kickbacks belonged to PG&E under California law and controlling Ninth Circuit precedent. PG&E is further entitled to prejudgment interest on its monetary loss.

//

//

A. **Loss of the Kickbacks is Restitution Under *Gamma Tech***

Under *Gamma Tech*, PG&E is entitled to restitution based on the amount of kickbacks Schoenfeld received as part of his criminal scheme. 265 F.3d at 928-29. *Gamma Tech* involved a defendant (Stanley) who worked for Pac Ship, a ship-repair company that had contracts with the Navy. Stanley, who oversaw Pac Ship's contracts with both its subcontractors and the Navy, conspired with four subcontractors to receive kickbacks in return for selecting them to perform work on Navy carriers.

After lengthy restitution proceedings, the district court awarded Pac Ship repayment from all defendants on two separate theories: (1) lost profits, and (2) loss of kickbacks. The Ninth Circuit affirmed, reasoning that under California law as well as principles of agency theory, the kickbacks Stanley received belonged to Pac Ship. *Id.* at 928-29 (citing Cal. Labor Code § 2860; *Bank of Am. Nat'l Trust & Sav. Ass'n v. Ryan*, 207 Cal. App. 2d 698, 705-06 (1962); *Savage v. Mayer*, 33 Cal. 2d 548, 551 (1949); *Fleishhacker v. Blum*, 109 F.2d 543, 545-46 (9th Cir.1940)). Thus, when "Stanley deprived Pac Ship of the kickback money which belonged to Pac Ship under California law, Pac Ship suffered a loss in the amount of the kickbacks." *Id.* at 929. The court further held that the district court "properly sought to remedy this loss by ordering Stanley to reimburse Pac Ship for the kickbacks he received." *Id.*

*Gamma Tech* controls here. Schoenfeld admitted in his plea agreement that he conspired to award PG&E contracts to AAL in exchange for 2.5% of the value of those contracts. Dkt. No. 12 at A-1. He further admitted that AAL received at least $82,133,142 for services provided to PG&E for contracts obtained through the conspiracy. *Id.* at A-2. Thus, based on his own admissions in the record, Schoenfeld received at least $2,007,164.08 in kickbacks. Under *Gamma Tech*, that kickback money belongs to PG&E and the proper remedy for this loss is to order "[Schoenfeld] to reimburse [PG&E] for the kickbacks he received." *Gamma Tech*, 265 F.3d at 929.

To be sure, Schoenfeld and the government have agreed that Schoenfeld received "at least" $1,476,295.15 in kickback payments from AAL. *Id.* at A-2. PG&E is unaware of the basis for this amount. Notably, this portion of the kickback amount was used to calculate the

loss resulting from Schoenfeld's conduct under the Sentencing Guidelines. *See id.* at 10; *see also* U.S.S.G. § 2B1.1. Schoenfeld and the government's agreement of the minimum amount of kickback payments for purposes of a Guidelines calculation does not, however, control the Court's determination of a reasonably likely restitution amount. *See United States v. Anderson*, 741 F.3d 938, 952 (9th Cir. 2013) ("[A] district court should not rely on its calculation of the loss under the Sentencing Guidelines to determine the amount of restitution as the two measures serve different purposes and utilize different calculation methods.").

In sum, Schoenfeld's admissions in his plea, coupled with *Gamma Tech*, establish that PG&E suffered a loss of $2,007,164.08 for restitution purposes.

### B.   PG&E is Entitled to Prejudgment Interest

Though the MVRA itself does not address prejudgment interest, the Ninth Circuit has held that a restitution award to a corporation like PG&E may include prejudgment interest. *Gordon*, 393 F.3d at 1059-60. The *Gordon* court affirmed the award of prejudgment interest to Cisco for embezzled cash and shares of stock that the company subsequently liquidated. The court reasoned that awarding prejudgment interest "reflects the productive purposes for which a profit maximizing entity like Cisco uses its cash reserves," even if the company "would not necessarily have placed its stock proceeds in an interest bearing account" absent the embezzlement. *Id.* at 1059 (internal quotation marks omitted); *see United States v. Qurashi*, 634 F.3d 699, 704 (2d Cir. 2011) (citing *Gordon* with approval and affirming award of prejudgment interest given "absence of evidence that New York Life and MetLife would not have put the money at issue to productive use").

Here, as in *Gordon*, PG&E would have put the money lost to kickbacks to productive use. PG&E lost this opportunity because of Schoenfeld's criminal conduct and an award of prejudgment interest is required to make PG&E as whole as possible. Although PG&E certainly was deprived of the productive use of its money prior to Schoenfeld's termination in October 2014, for efficiency purposes, PG&E proposes November 1, 2014 to January 1, 2021 as the accrual period for prejudgment interest.

With respect to the rate of prejudgment interest, the Court should apply the Treasury yield rate prescribed in 28 U.S.C. § 1961[1] that was in effect "prior to the date of the wrongful conduct which caused a plaintiff's loss." *Gordon*, 393 F.3d at 1058 n.12.  In his plea agreement, Schoenfeld admits that he began receiving kickback payments at least as early as May 2007. Dkt. No. 12 at A-2.  Because PG&E incurred countless instances of loss due to Schoenfeld's conduct that accrued from May 2007 until his October 2014 termination, PG&E proposes the use of a blended rate for each year during the conspiracy based on the following schedule derived from the Treasury rates in Exhibit 1:

| Time Period | Rate |
|---|---|
| Week ending 4/27/07 | 4.90% |
| Week ending 4/25/08 | 1.88% |
| Week ending 4/24/09 | 0.52% |
| Week ending 4/30/10 | 0.43% |
| Week ending 4/29/11 | 0.22% |
| Week ending 4/27/12 | 0.18% |
| Week ending 4/26/13 | 0.12% |
| Week ending 10/31/14 | 0.11% |

The average of these rates is 1.05%.  Pursuant to § 1961(b), this interest rate is compounded annually, resulting in the following interest calculations:

| Year (beginning Nov. 2014) | Compound Interest (annually) | Initial Principal + Accumulated Interest |
|---|---|---|
| 2014 | N/A | $2,007,164.08 |
| 2015 | $21,075.22 | $2,028,239.30 |
| 2016 | $21,296.51 | $2,049,535.81 |
| 2017 | $21,520.13 | $2,071,055.94 |
| 2018 | $21,746.09 | $2,092,802.03 |
| 2019 | $21,974.42 | $2,114,776.45 |
| 2020 | $22,205.15 | $2,136,981.60 |
| Nov. 2020 – Jan. 2021 | $3,739.72 | $2,140,721.32 |

Based on these calculations, the prejudgment interest due to PG&E totals $133,557.24.

---

[1] Section 1961 directs federal courts to apply a rate "equal to the weekly average 1-year constant maturity Treasury yield."  28 U.S.C. § 1961(a).  Historical Treasury rates are available at https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15.  Exhibit 1 contains the weekly average 1-year constant maturity Treasury yield rates, downloaded from the Federal Reserve's website, for the relevant time period.

## V. CONCLUSION

PG&E respectfully submits that for the reasons stated above, PG&E has met its burden to show it is entitled to $2,007,164.08 in restitution plus $133,557.24 in prejudgment interest, which together constitute a total restitution amount to PG&E of **$2,140,721.32**.

DATED: January 4, 2021   By:  */s/ Timothy J. Lucey*
TIMOTHY J. LUCEY
Attorney for
PACIFIC GAS & ELECTRIC COMPANY

# Exhibit 1

| Download Page | H.15 Selected Interest Rates for Dec 23, 2020 |
|---|---|
| Series Description | Market yield on U.S. Treasury securities at 1-year   constant maturity, quoted on |
| Unit: | Percent:_Per_Year |
| Multiplier: | 1 |
| Currency: | NA |
| Unique Identifier: | H15/H15/RIFLGFCY01_N.WF |
| Time Period | RIFLGFCY01_N.WF |
| 2007-04-06 | 4.94 |
| 2007-04-13 | 4.97 |
| 2007-04-20 | 4.93 |
| 2007-04-27 | 4.9 |
| 2007-05-04 | 4.9 |
| 2007-05-11 | 4.89 |
| 2007-05-18 | 4.86 |
| 2007-05-25 | 4.95 |
| 2007-06-01 | 4.96 |
| 2007-06-08 | 4.98 |
| 2007-06-15 | 4.98 |
| 2007-06-22 | 4.95 |
| 2007-06-29 | 4.94 |
| 2007-07-06 | 4.99 |
| 2007-07-13 | 5 |
| 2007-07-20 | 4.99 |
| 2007-07-27 | 4.91 |
| 2007-08-03 | 4.83 |
| 2007-08-10 | 4.78 |
| 2007-08-17 | 4.44 |
| 2007-08-24 | 4.16 |
| 2007-08-31 | 4.3 |
| 2007-09-07 | 4.27 |
| 2007-09-14 | 4.15 |
| 2007-09-21 | 4.11 |
| 2007-09-28 | 4.05 |
| 2007-10-05 | 4.12 |
| 2007-10-12 | 4.24 |
| 2007-10-19 | 4.14 |
| 2007-10-26 | 3.97 |
| 2007-11-02 | 3.93 |
| 2007-11-09 | 3.72 |
| 2007-11-16 | 3.58 |
| 2007-11-23 | 3.3 |
| 2007-11-30 | 3.25 |
| 2007-12-07 | 3.17 |
| 2007-12-14 | 3.2 |
| 2007-12-21 | 3.28 |
| 2007-12-28 | 3.42 |
| 2008-01-04 | 3.18 |
| 2008-01-11 | 3.04 |
| 2008-01-18 | 2.83 |

| Date | Value |
|---|---|
| 2008-01-25 | 2.31 |
| 2008-02-01 | 2.23 |
| 2008-02-08 | 2.08 |
| 2008-02-15 | 2.04 |
| 2008-02-22 | 2.1 |
| 2008-02-29 | 1.98 |
| 2008-03-07 | 1.66 |
| 2008-03-14 | 1.52 |
| 2008-03-21 | 1.35 |
| 2008-03-28 | 1.6 |
| 2008-04-04 | 1.63 |
| 2008-04-11 | 1.63 |
| 2008-04-18 | 1.67 |
| 2008-04-25 | 1.88 |
| 2008-05-02 | 1.93 |
| 2008-05-09 | 1.94 |
| 2008-05-16 | 2.07 |
| 2008-05-23 | 2.09 |
| 2008-05-30 | 2.19 |
| 2008-06-06 | 2.14 |
| 2008-06-13 | 2.51 |
| 2008-06-20 | 2.57 |
| 2008-06-27 | 2.46 |
| 2008-07-04 | 2.35 |
| 2008-07-11 | 2.25 |
| 2008-07-18 | 2.21 |
| 2008-07-25 | 2.33 |
| 2008-08-01 | 2.3 |
| 2008-08-08 | 2.23 |
| 2008-08-15 | 2.18 |
| 2008-08-22 | 2.12 |
| 2008-08-29 | 2.17 |
| 2008-09-05 | 2.08 |
| 2008-09-12 | 2.05 |
| 2008-09-19 | 1.69 |
| 2008-09-26 | 1.95 |
| 2008-10-03 | 1.59 |
| 2008-10-10 | 1.24 |
| 2008-10-17 | 1.25 |
| 2008-10-24 | 1.66 |
| 2008-10-31 | 1.44 |
| 2008-11-07 | 1.24 |
| 2008-11-14 | 1.12 |
| 2008-11-21 | 0.96 |
| 2008-11-28 | 0.93 |
| 2008-12-05 | 0.69 |
| 2008-12-12 | 0.5 |
| 2008-12-19 | 0.45 |
| 2008-12-26 | 0.4 |

| Date | Value |
|---|---|
| 2009-01-02 | 0.37 |
| 2009-01-09 | 0.44 |
| 2009-01-16 | 0.43 |
| 2009-01-23 | 0.43 |
| 2009-01-30 | 0.49 |
| 2009-02-06 | 0.54 |
| 2009-02-13 | 0.6 |
| 2009-02-20 | 0.64 |
| 2009-02-27 | 0.72 |
| 2009-03-06 | 0.68 |
| 2009-03-13 | 0.7 |
| 2009-03-20 | 0.64 |
| 2009-03-27 | 0.59 |
| 2009-04-03 | 0.58 |
| 2009-04-10 | 0.6 |
| 2009-04-17 | 0.55 |
| 2009-04-24 | 0.52 |
| 2009-05-01 | 0.5 |
| 2009-05-08 | 0.53 |
| 2009-05-15 | 0.52 |
| 2009-05-22 | 0.47 |
| 2009-05-29 | 0.49 |
| 2009-06-05 | 0.5 |
| 2009-06-12 | 0.56 |
| 2009-06-19 | 0.51 |
| 2009-06-26 | 0.48 |
| 2009-07-03 | 0.53 |
| 2009-07-10 | 0.46 |
| 2009-07-17 | 0.48 |
| 2009-07-24 | 0.47 |
| 2009-07-31 | 0.49 |
| 2009-08-07 | 0.49 |
| 2009-08-14 | 0.47 |
| 2009-08-21 | 0.44 |
| 2009-08-28 | 0.45 |
| 2009-09-04 | 0.42 |
| 2009-09-11 | 0.4 |
| 2009-09-18 | 0.4 |
| 2009-09-25 | 0.41 |
| 2009-10-02 | 0.39 |
| 2009-10-09 | 0.36 |
| 2009-10-16 | 0.36 |
| 2009-10-23 | 0.39 |
| 2009-10-30 | 0.39 |
| 2009-11-06 | 0.36 |
| 2009-11-13 | 0.33 |
| 2009-11-20 | 0.29 |
| 2009-11-27 | 0.27 |
| 2009-12-04 | 0.29 |

| Date | Value |
|---|---|
| 2009-12-11 | 0.32 |
| 2009-12-18 | 0.37 |
| 2009-12-25 | 0.41 |
| 2010-01-01 | 0.47 |
| 2010-01-08 | 0.41 |
| 2010-01-15 | 0.35 |
| 2010-01-22 | 0.31 |
| 2010-01-29 | 0.31 |
| 2010-02-05 | 0.33 |
| 2010-02-12 | 0.35 |
| 2010-02-19 | 0.36 |
| 2010-02-26 | 0.34 |
| 2010-03-05 | 0.34 |
| 2010-03-12 | 0.39 |
| 2010-03-19 | 0.41 |
| 2010-03-26 | 0.42 |
| 2010-04-02 | 0.43 |
| 2010-04-09 | 0.47 |
| 2010-04-16 | 0.44 |
| 2010-04-23 | 0.44 |
| 2010-04-30 | 0.43 |
| 2010-05-07 | 0.39 |
| 2010-05-14 | 0.38 |
| 2010-05-21 | 0.35 |
| 2010-05-28 | 0.36 |
| 2010-06-04 | 0.36 |
| 2010-06-11 | 0.33 |
| 2010-06-18 | 0.3 |
| 2010-06-25 | 0.29 |
| 2010-07-02 | 0.31 |
| 2010-07-09 | 0.31 |
| 2010-07-16 | 0.28 |
| 2010-07-23 | 0.27 |
| 2010-07-30 | 0.3 |
| 2010-08-06 | 0.27 |
| 2010-08-13 | 0.25 |
| 2010-08-20 | 0.25 |
| 2010-08-27 | 0.26 |
| 2010-09-03 | 0.25 |
| 2010-09-10 | 0.26 |
| 2010-09-17 | 0.26 |
| 2010-09-24 | 0.25 |
| 2010-10-01 | 0.26 |
| 2010-10-08 | 0.24 |
| 2010-10-15 | 0.22 |
| 2010-10-22 | 0.22 |
| 2010-10-29 | 0.23 |
| 2010-11-05 | 0.22 |
| 2010-11-12 | 0.24 |

| Date | Value |
|---|---|
| 2010-11-19 | 0.27 |
| 2010-11-26 | 0.27 |
| 2010-12-03 | 0.28 |
| 2010-12-10 | 0.29 |
| 2010-12-17 | 0.3 |
| 2010-12-24 | 0.3 |
| 2010-12-31 | 0.3 |
| 2011-01-07 | 0.29 |
| 2011-01-14 | 0.27 |
| 2011-01-21 | 0.27 |
| 2011-01-28 | 0.26 |
| 2011-02-04 | 0.28 |
| 2011-02-11 | 0.3 |
| 2011-02-18 | 0.29 |
| 2011-02-25 | 0.27 |
| 2011-03-04 | 0.26 |
| 2011-03-11 | 0.25 |
| 2011-03-18 | 0.23 |
| 2011-03-25 | 0.26 |
| 2011-04-01 | 0.3 |
| 2011-04-08 | 0.27 |
| 2011-04-15 | 0.24 |
| 2011-04-22 | 0.24 |
| 2011-04-29 | 0.22 |
| 2011-05-06 | 0.2 |
| 2011-05-13 | 0.18 |
| 2011-05-20 | 0.19 |
| 2011-05-27 | 0.19 |
| 2011-06-03 | 0.18 |
| 2011-06-10 | 0.18 |
| 2011-06-17 | 0.18 |
| 2011-06-24 | 0.17 |
| 2011-07-01 | 0.19 |
| 2011-07-08 | 0.19 |
| 2011-07-15 | 0.16 |
| 2011-07-22 | 0.18 |
| 2011-07-29 | 0.21 |
| 2011-08-05 | 0.16 |
| 2011-08-12 | 0.11 |
| 2011-08-19 | 0.11 |
| 2011-08-26 | 0.1 |
| 2011-09-02 | 0.1 |
| 2011-09-09 | 0.12 |
| 2011-09-16 | 0.1 |
| 2011-09-23 | 0.1 |
| 2011-09-30 | 0.11 |
| 2011-10-07 | 0.11 |
| 2011-10-14 | 0.11 |
| 2011-10-21 | 0.12 |

| Date | Value |
|---|---|
| 2011-10-28 | 0.12 |
| 2011-11-04 | 0.12 |
| 2011-11-11 | 0.1 |
| 2011-11-18 | 0.11 |
| 2011-11-25 | 0.12 |
| 2011-12-02 | 0.13 |
| 2011-12-09 | 0.11 |
| 2011-12-16 | 0.11 |
| 2011-12-23 | 0.12 |
| 2011-12-30 | 0.12 |
| 2012-01-06 | 0.12 |
| 2012-01-13 | 0.11 |
| 2012-01-20 | 0.11 |
| 2012-01-27 | 0.12 |
| 2012-02-03 | 0.13 |
| 2012-02-10 | 0.15 |
| 2012-02-17 | 0.17 |
| 2012-02-24 | 0.17 |
| 2012-03-02 | 0.18 |
| 2012-03-09 | 0.18 |
| 2012-03-16 | 0.2 |
| 2012-03-23 | 0.2 |
| 2012-03-30 | 0.18 |
| 2012-04-06 | 0.19 |
| 2012-04-13 | 0.18 |
| 2012-04-20 | 0.18 |
| 2012-04-27 | 0.18 |
| 2012-05-04 | 0.19 |
| 2012-05-11 | 0.18 |
| 2012-05-18 | 0.2 |
| 2012-05-25 | 0.21 |
| 2012-06-01 | 0.19 |
| 2012-06-08 | 0.18 |
| 2012-06-15 | 0.18 |
| 2012-06-22 | 0.19 |
| 2012-06-29 | 0.21 |
| 2012-07-06 | 0.2 |
| 2012-07-13 | 0.2 |
| 2012-07-20 | 0.18 |
| 2012-07-27 | 0.17 |
| 2012-08-03 | 0.17 |
| 2012-08-10 | 0.18 |
| 2012-08-17 | 0.19 |
| 2012-08-24 | 0.19 |
| 2012-08-31 | 0.17 |
| 2012-09-07 | 0.17 |
| 2012-09-14 | 0.18 |
| 2012-09-21 | 0.18 |
| 2012-09-28 | 0.17 |

| Date | Value |
|---|---|
| 2012-10-05 | 0.17 |
| 2012-10-12 | 0.18 |
| 2012-10-19 | 0.18 |
| 2012-10-26 | 0.19 |
| 2012-11-02 | 0.18 |
| 2012-11-09 | 0.19 |
| 2012-11-16 | 0.17 |
| 2012-11-23 | 0.17 |
| 2012-11-30 | 0.18 |
| 2012-12-07 | 0.18 |
| 2012-12-14 | 0.15 |
| 2012-12-21 | 0.15 |
| 2012-12-28 | 0.16 |
| 2013-01-04 | 0.15 |
| 2013-01-11 | 0.14 |
| 2013-01-18 | 0.14 |
| 2013-01-25 | 0.15 |
| 2013-02-01 | 0.15 |
| 2013-02-08 | 0.15 |
| 2013-02-15 | 0.15 |
| 2013-02-22 | 0.17 |
| 2013-03-01 | 0.17 |
| 2013-03-08 | 0.15 |
| 2013-03-15 | 0.15 |
| 2013-03-22 | 0.15 |
| 2013-03-29 | 0.14 |
| 2013-04-05 | 0.13 |
| 2013-04-12 | 0.12 |
| 2013-04-19 | 0.12 |
| 2013-04-26 | 0.12 |
| 2013-05-03 | 0.11 |
| 2013-05-10 | 0.11 |
| 2013-05-17 | 0.12 |
| 2013-05-24 | 0.12 |
| 2013-05-31 | 0.14 |
| 2013-06-07 | 0.14 |
| 2013-06-14 | 0.14 |
| 2013-06-21 | 0.13 |
| 2013-06-28 | 0.16 |
| 2013-07-05 | 0.15 |
| 2013-07-12 | 0.13 |
| 2013-07-19 | 0.11 |
| 2013-07-26 | 0.11 |
| 2013-08-02 | 0.11 |
| 2013-08-09 | 0.12 |
| 2013-08-16 | 0.12 |
| 2013-08-23 | 0.14 |
| 2013-08-30 | 0.13 |
| 2013-09-06 | 0.15 |

| Date | Value |
|---|---|
| 2013-09-13 | 0.13 |
| 2013-09-20 | 0.11 |
| 2013-09-27 | 0.1 |
| 2013-10-04 | 0.11 |
| 2013-10-11 | 0.14 |
| 2013-10-18 | 0.14 |
| 2013-10-25 | 0.11 |
| 2013-11-01 | 0.11 |
| 2013-11-08 | 0.11 |
| 2013-11-15 | 0.13 |
| 2013-11-22 | 0.13 |
| 2013-11-29 | 0.13 |
| 2013-12-06 | 0.13 |
| 2013-12-13 | 0.14 |
| 2013-12-20 | 0.13 |
| 2013-12-27 | 0.13 |
| 2014-01-03 | 0.13 |
| 2014-01-10 | 0.13 |
| 2014-01-17 | 0.11 |
| 2014-01-24 | 0.11 |
| 2014-01-31 | 0.11 |
| 2014-02-07 | 0.12 |
| 2014-02-14 | 0.12 |
| 2014-02-21 | 0.12 |
| 2014-02-28 | 0.11 |
| 2014-03-07 | 0.12 |
| 2014-03-14 | 0.12 |
| 2014-03-21 | 0.14 |
| 2014-03-28 | 0.13 |
| 2014-04-04 | 0.12 |
| 2014-04-11 | 0.1 |
| 2014-04-18 | 0.11 |
| 2014-04-25 | 0.11 |
| 2014-05-02 | 0.1 |
| 2014-05-09 | 0.1 |
| 2014-05-16 | 0.09 |
| 2014-05-23 | 0.09 |
| 2014-05-30 | 0.1 |
| 2014-06-06 | 0.1 |
| 2014-06-13 | 0.11 |
| 2014-06-20 | 0.1 |
| 2014-06-27 | 0.11 |
| 2014-07-04 | 0.11 |
| 2014-07-11 | 0.11 |
| 2014-07-18 | 0.11 |
| 2014-07-25 | 0.11 |
| 2014-08-01 | 0.12 |
| 2014-08-08 | 0.11 |
| 2014-08-15 | 0.1 |

| Date | Value |
|---|---|
| 2014-08-22 | 0.11 |
| 2014-08-29 | 0.11 |
| 2014-09-05 | 0.1 |
| 2014-09-12 | 0.11 |
| 2014-09-19 | 0.12 |
| 2014-09-26 | 0.1 |
| 2014-10-03 | 0.11 |
| 2014-10-10 | 0.1 |
| 2014-10-17 | 0.1 |
| 2014-10-24 | 0.11 |
| 2014-10-31 | 0.11 |