CHRISTOPHER J. CANNON, State Bar No. 88034
MATTHEW A. LAWS, State Bar No. 273697
Sugarman & Cannon
737 Tehama Street, No. 3
San Francisco, CA 94103
Telephone: 415-362-6252
Facsimile: 415-362-6431
chris@sugarmanandcannon.com

Attorneys for Defendant RONALD STEVEN SCHOENFELD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RONALD STEVEN SCHOENFELD,<br><br>　　　　Defendant. | Case No. 2:20-cr-00150-KJM<br><br>**DEFENDANT RON SCHOENFELD'S REPLY TO REQUEST FOR RESTITUTION BY SHELIA GIANELLI** |

　　　　This is a brief response to the request for restitution by Sheila Gianelli. While her request certainly demonstrate her feeling of outrage and victimization, and Ron Schoenfeld acknowledges and respects those feelings. Ms. Gianelli's request falls far short establishing she has a right to compensation under the MVRA.

　　　　Ms. Gianelli has done an excellent job of establishing her credentials, abilities, and value to PG&E. She has completely failed, however, to demonstrate that Ron Schoenfeld had anything to do with PG&E's compensation decisions, which she believes were inconsistent with her value. Her retaliation claims similarly rest on a foundation of sand. She reported Ron Schoenfeld's actions in August 2014. Schoenfeld was suspended in September and fired in October. There was no time for him to retaliate.

　　　　Ms. Gianelli's claim appears to be based on a belief that if not for Ron Schoenfeld she would have been hired earlier, to a more responsible and lucrative position, and that Ron Schoenfeld is responsible for PG&E hiring, promotion, and bonus decisions. There are no facts to support this exaggerated claim. Gianelli sums up her claim as "It has taken Ms. Gianelli seven (7) years to get back

to the position she should have been hired into with PG&E had Schoenfeld not intervened and negatively impacted her career." While Ms. Gianelli may sincerely believe this claim, the facts are that Ms. Gianelli never worked for Ron Schoenfeld. Ms. Gianelli was never supervised by Ron Schoenfeld. Ron Schoenfeld had no control over Ms. Gianelli's bonus or salary. All of the decisions regarding Ms. Gianelli's compensation were made by people other than Ron Schoenfeld.

Despite Gianelli's claim that: "Schoenfeld had hired Supervisor A." Schoenfeld did not hire Supervisor A. Nick Dujmovich hired Supervisor A.

Although Schoenfeld was one of many employees who interviewed Gianelli prior to her hire, he was not the person making the hiring decision. Moreover, following Gianelli's interview with Schoenfeld, and other interviews, Gianelli was hired. While Gianelli uses Schoenfeld's lack of respect for Supervisor A as a reason, she should have been hired instead of Supervisor A, Ms. Gianelli cites to no specific facts that indicate Schoenfeld had anything to do with her hiring, evaluations, or bonus. Since it is clear that Schoenfeld was not very discrete in his sharing his opinions of other employees, if he had shared his opinion of Gianelli, there would probably be a record of that sharing.

The exaggerated nature of Ms. Gianelli's claim is demonstrated by her claim that: "It is also highly likely his friends, in particular Supervisor B whom Schoenfeld had coffee with each week, would believe Schoenfeld's version of the accusations. Supervisor B's opinions and biases would and did find their way into Ms. Gianelli's performance reviews for over two years." The facts are, that Ms. Gianelli made her first accusation on August 14, 2014. That accusation was acted on promptly. Schoenfeld was suspended in September and terminated in October. There is no evidence that Schoenfeld had any impact on Gianelli's performance reviews before Gianelli discovered the AAL transactions.

Even more exaggerated is Ms. Gianelli's claim that her performance evaluations in 2014 and 2015 were negatively impacted by Ron Schoenfeld, after he had been fired. It appears that her performance fulfilling "a role several pay grades above her position from 2014 to 2017," has been recognized and that she is now in the "position she should have been hired into with PG&E had Schoenfeld not intervened and negatively impacted her career."

While we sympathize with Ms. Gianelli, Ron Schoenfeld did not decide to hire her, or the level she would be hired at. Ron Schoenfeld did not determine her bonus or salary. And it appears that Ron

Schoenfeld, ironically, may have provided the opportunity for Ms. Gianelli to demonstrate her value to PG&E. While Ms. Gianelli may have been undercompensated, she has made no showing that under compensation was due to Ron Schoenfeld's crimes.

Ron Schoenfeld took nothing from Shelia Gianelli, and while Ms. Gianelli may feel PGE did not recognize her abilities and talents, Ron Schoenfeld was not responsible for her hiring or her compensation and was fired before he even would have had time to retaliate against her. Accordingly, this Court should deny Shelia Gianelli's request for restitution.

Dated: January 15, 2021               Respectfully submitted,

                                      /s/
                                      Christopher J. Cannon
                                      Matthew A. Laws
                                      Attorneys for Ron Schoenfeld