UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:20-CR-00150-KJM |
| Plaintiff, | ORDER |
| v. | |
| Ronald Steven Schoenfeld, | |
| Defendant. | |

At sentencing, with the agreement of the parties, the court submitted Ms. Sheila Gianelli's pro se request for restitution in the amount $373,358.[1] As a Pacific Gas & Electric Company ("PG&E") employee who worked with defendant, Ms. Gianelli claims potential pecuniary loss of salary and bonuses based on defendant's negative impact on her career. Having considered the parties' briefing and after holding a hearing on the matter, the court denies the restitution request.

**I.    BACKGROUND**

On August 13, 2020, the government initiated criminal proceedings against defendant Ronald Steven Schoenfeld based on allegations, among others, that while employed at PG&E and overseeing corporate trucking contracts, he conspired to violate PG&E's bidding policies and over the course of the conspiracy charged he received at least $1,476,295.15 in kickback

---

[1] Ms. Gianelli requests a total amount of $439,288 at the conclusion of her request. *See* Restitution Request at 10, ECF No. 30-1 (sealed).

1   payments. Plea Agreement, ECF No. 12. On August 31, 2020, defendant pled guilty to

2   conspiracy to commit honest services fraud in violation of 18 U.S.C. § 371. *See generally id*.

3         On November 16, 2020, the court held a sentencing hearing, at which it considered

4   PG&E's request for restitution, among other issues relevant to sentencing. ECF No. 26. Given

5   questions regarding PG&E's request, the court ordered supplemental briefing and the

6   identification of witnesses to testify at a full restitution hearing, and then continued defendant's

7   sentencing hearing and allocution, resetting sentencing for January 25, 2021. *Id.*

8         Before the continued sentencing date, on or about January 4, 2021, the court's Probation

9   Office forwarded a restitution request from Ms. Gianelli, dated December 31, 2020. *See*

10  *generally* Restitution Request. Defendant opposed Ms. Gianelli's request. *See* Reply, ECF

11  No. 32. On January 25, 2021, the court held the continued sentencing hearing, imposed sentence

12  and resolved PG&E's request for restitution. ECF No. 37. The court submitted Ms. Gianelli's

13  restitution request and resolves it here.

14  **II.   DISCUSSION**

15        "The Mandatory Victims Restitution Act ('MVRA'), 18 U.S.C. § 3663A, requires a

16  district court to 'order a defendant to make restitution to a victim of certain specified offenses.'"

17  *United States v. Eyraud*, 809 F.3d 462, 467 (9th Cir. 2015) (citation omitted). Under

18  § 3663A(a)(1), restitution is mandatory for a victim of "an offense described in subsection (c),"

19  which includes "an identifiable victim or victims [who] has suffered a . . . pecuniary loss."

20  18 U.S.C. § 3663A(c)(1)(B). "Restitution may compensate victims only 'for actual losses caused

21  by the defendant's criminal conduct.'" *United States v. Peterson*, 538 F.3d 1064, 1075 (9th Cir.

22  2008) (quoting *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 926 (9th Cir. 2001));

23  18 U.S.C. § 3663A(a)(2) ("'[V]ictim' means a person directly and proximately harmed as a result

24  of the commission of an offense for which restitution may be ordered . . . .").

25        Regarding the causal link between the defendant's conviction offense and a victim's harm,

26  the Ninth Circuit provides the following guidance:

27          Defendant's conduct need not be the sole cause of the loss, but any
28          subsequent action that contributes to the loss, such as an intervening

> cause, must be directly related to the defendant's conduct. The causal
> chain may not extend so far, in terms of the facts or the time span, as
> to become unreasonable.

*Peterson*, 538 F.3d at 1075 (quoting *Gamma Tech*, 265 F.3d at 928).  A party seeking restitution bears the burden of establishing restitution is warranted, by a preponderance of the evidence. *See United States v. Gagarin*, 950 F.3d 596, 607 (9th Cir. 2020).

Ms. Gianelli says she is "the primary employee who discovered, reported, and corrected [defendant's] fraudulent scheme," while working for three different supervisors at PG&E. *Id.* at 2–3.  She argues that because she declined to "look the other way" but rather took steps to address the fraud, she was not hired into a managerial position for which she was the most qualified and it "has taken seven (7) years to get back to the position she should have been hired into with PG&E had Schoenfeld not intervened and negatively impacted her career." *Id.* at 2–3, 6–7.  Specifically, Ms. Gianelli argues defendant refused to hire her when she applied for a manager position that would have oversight over his budget. *Id.* at 5.  Instead Mr. Schoenfeld hired a less qualified individual to protect the "secrecy of the fraud." *See id*.  Her retaliation claim is based on circumstances she says were "entirely foreseeable," whereby defendant's conduct resulted in "damage to the employees he slandered, lied to, disparaged [and] hid information from." *Id*. at 4. Ms. Gianelli contends these "overt acts" fit the definition of "retaliation" for purposes of calculating damages to her "reputation, earning, and opportunities for promotion." *Id*. at 6.  In support of her request, Ms. Gianelli submits one declaration from an expert economist detailing his analysis and calculations of the wages and benefits she says she lost.  *See* Ferri Decl., ECF No. 30-1.  Based on these calculations, the amounts she claims include: (1) $244,069 in past lost salary and bonuses including prejudgment interest, and (2) $129,289 in projected lost salary and bonuses. *Id*. ¶¶ 8, 11–21.

Defendant has opposed Ms. Gianelli's request, effectively arguing she has not met her burden of supporting her request.  He argues Ms. Gianelli has not demonstrated and cannot demonstrate that defendant "had anything to do with PG&E's compensation decisions," or that defendant hired the other person who got the managerial job Ms. Gianelli says she should have, or that there are any facts to support her claim of retaliation.  Reply at 2-3.  He represents he in

fact did not make the hiring decisions Ms. Gianelli challenges. *Id*. at 2. He also says Ms. Gianelli first reported the fraud in August 2014, just shortly before defendant was suspended from work in September before being fired in October, with insufficient time for him to retaliate. *Id.* at 2; *see also* Presentence Rep. (PSR) at 3, ECF No. 16-4 (sealed).

On this record, without evidence to support her arguments regarding the timing of her loss of a managerial position or clarifying the person responsible for the promotional decisions she says negatively affected her, Ms. Gianelli has not met her burden of showing she qualifies for restitution. Even if there were such evidence, Ms. Gianelli's request depends on the court's finding a causal link from defendant's specific offense conduct of arranging for kickbacks from companies to whom he steered PG&E contracts to her not being selected for a managerial position at some point while defendant still worked for PG&E. While Ms. Gianelli argues there are no "intervening acts" that "remove proximate causation" for the "severe harm" to her "reputation, earnings, and opportunities for promotion," Request for Restitution at 6, her arguments alone are insufficient to close the causal gap, *see Peterson*, 538 F.3d at 1075.

The court finds Ms. Gianelli is not a victim eligible for restitution as contemplated by the MVRA, as interpreted by the case law.

## IV. CONCLUSION

The court **denies** Ms. Gianelli's restitution request. This resolves ECF No. 30-1.

IT IS SO ORDERED.

DATED: September 7, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE